736

INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL NO. 134, et al. v. WESTERN UNION TELEGRAPH CO.

No. 4386.

Circuit Court of Appeals, Seventh Circuit.

Jan. 23, 1931.

Hope Thompson, of Chicago, Ill., for appellants.

Percy B. Eckhart, of Chicago, Ill., for appellee.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

EVANS, Circuit Judge.

The decree, from which this appeal is taken, made permanent a temporary injunction enjoining appellants from interfering, through a secondary boycott, with appellee's business.

Upon the entry of the temporary injunction, 2 F.(2d) 993, an appeal was taken to this court, which resulted in an affirmance of the temporary injunctional decree, 6 F.(2d) 444, 46 A. L. R. 1538.

Thereafter, the suit proceeded to trial, and much evidence was received to support the allegations of the complaint. Appellants offered many witnesses who, testified respecting the laudable purposes of labor unions and of their settled policy not to work on a job where nonunion labor worked. Upon the conclusion of the trial, the court found that appellee had established the facts charged in its complaint and a decree was entered making permanent the temporary injunction. The present appeal followed.

Appellants' attack on the decree is not directed at the fact findings. Nor is there criticism of the form of the decree or of any single paragraph thereof. The assault is made upon the decree generally, as not warranted by law upon the facts established. In short, appellants viewed the decree as one which denies to them the right to call a strike, and argued that their rights guaranteed under the Thirteenth Amendment have been invaded and abridged.

Appellee, on the other hand, asserted that it sought relief from injuries suffered by it through an alleged secondary boycott instituted and carried on by appellants. It did not question appellants' right to strike. It denied appellants' right to combine and to conspire to injure appellee's interstate business with third parties, with whom it has outstanding contracts or with whom it is about to negotiate contracts.

The facts are briefly stated in the opinion rendered on the previous appeal. The trial brought out little that need be added to that statement.

Appellants are labor union organizations whose activities are limited to the building industry in and about Chicago. Members of these organizations number about 100,000. It appears to be the customary practice for an owner who wishes to build or rebuild or repair a building to make a contract with a contractor, who in turn sublets work to subcontractors, who in turn deal with the officers of appellants in securing their workmen.

Appellee is a public utility whose business is largely (over 90 per cent.) interstate. It is a common carrier of telegrams. It facilitates its business by installing in large office buildings electrical call boxes and by establishing branch offices. The call boxes are used by its patrons to call messenger boys, and its branch offices are necessary to the satisfactory use of its service by large users, like banks, brokerage houses, etc. The equipment necessary to the full enjoyment of such service is generally and most economically installed when the office buildings are erected.

Appellee employs its own labor to carry on its business, and in so doing operates an "open shop." In other words, its employees are not members of any union, or, at least, membership in a union is not a prerequisite to such employment.

Difficulties arose between the contending parties whenever large buildings in Chicago were being erected or remodelled. Appellants threatened to call a strike if appellee's employees were allowed to work in or come upon the buildings upon which members of the union were working. In one instance, at least, a strike was called, and the owner was forced to cancel a permit to appellee to install telegraphic service for the tenants of the building. In another instance, when the New Union Station was being erected, it became necessary to relocate and reconstruct and reconnect cables and wires along the right of way of the railroad leading to the station site. Appellee's contract with the Pennsylvania Railroad called for the furnishing of cables to make the necessary telegraphic connections. The Pennsylvania Railroad was to furnish the duct. Appellants threatened to call a general strike of its members working upon the building if appellee attempted to install its cables and wires pursuant to its contract. The installation of such telegraphic service was necessary to the efficient operation of the railroad's interstate business and to the building of the New Union Station.

Numerous acts of violence and terrorization and destruction of property by appellants, resulting in injury to appellee's property and business, are cited, which tend to show a determined and aggressive policy to injure and destroy appellee's business. Appellants contended that they were not responsible for these isolated acts of malicious and willful destruction of property or injury to appellee's business. They asserted that, if such damages were committed by individual members of the unions, they were not authorized or sanctioned by the unions. In reaching our conclusion, we shall ignore these acts.

There was evidence tending to show that the aforementioned threats and injury to appellee's business were increasing, and seriously affected appellee's ability to render its best possible service to its customers. Appellants refused to desist, and asserted their legal right so to act, and their intention to continue such practices was plainly inferable.

We might well dispose of this appeal on the authority of the previous decisions of this court. Nat'l Brake Co. v. Christensen, 38 F.(2d) 721, 722; Luminous Unit Co. v. Freeman-Sweet Co., 3 F.(2d) 577; Lackner v. McKechney, 2 F.(2d) 516; 2 R. C. L. 223, § 187.

██ Under the "law of the case," the District Court had no alternative but to carry out the mandate of this court [Larson Co. v. Wrigley Co. (C. C. A.) 275 F. 535; see also, In re Potts, 166 U. S. 266, 17 S. Ct. 520, 41 L. Ed. 994], and the same "law of the case" calls for the same pronouncement by this court, unless we are convinced that we were in error on the previous appeal [see, in addition to the preceding citations, Williams v. Order of Com. Travelers, 41 F.(2d) 745; Casals v. Fernandez, 40 F.(2d) 831; Illinois v. Illinois C. R. R., 184 U. S. 92, 22 S. Ct. 300, 46 L. Ed. 440; Rogers v. Chicago, R. I. & P. Ry. Co., 39 F.(2d) 601] or unless the questions involved upon the trial of the suit were materially different from those presented on the previous appeal.

While there are some differences between the record now before us and the record presented upon the previous appeal, they are inconsequential, excepting in the quantum of evidence offered. If appellee's legal contentions be accepted as sound, then the present record presents a stronger fact situation in favor of the decree appealed from than was disclosed by the record which was before us on the appeal from the temporary injunction.

Our inquiry is therefore narrowed to a reconsideration of the law announced in the opinion on the previous appeal.

On the previous hearing, this court based its decision largely upon three decisions of the Supreme Court: American Steel Foundries v. Trades Council, 257 U. S. 184, 42 S. Ct. 72, 66 L. Ed. 189, 27 A. L. R. 360; Duplex Printing Press Co. v. Deering, 254 U. S. 443, 41 S. Ct. 172, 65 L. Ed. 349, 16 A. L. R. 196; Gompers v. Buck's Stove & Range Co., 221 U. S. 418, 31 S. Ct. 492, 55 L. Ed. 797, 34 L. R. A. (N. S.) 874.

Since the announcement of our previous decision, the Supreme Court has decided the case of Bedford Cut Stone Co. v. Journeymen Stone Cutters' Ass'n, 274 U. S. 37, 47 S. Ct. 522, 71 L. Ed. 916, 54 A. L. R. 791, reversing this court's judgment. 9 F.(2d) 40. The Supreme Court, in a fact situation somewhat similar to the one here presented, reaffirmed and held applicable the law as announced in Duplex v. Deering, supra.

In the light of these decisions, to which may be added U. S. v. Brims, 272 U. S. 549, 47 S. Ct. 169, 71 L. Ed. 403, it is hardly necessary to further extend this opinion. These authorities must control the disposition of this appeal by this court. Views expressed in dissenting opinions or in language taken from decisions of courts in other jurisdictions upon a different or even similar state of facts can only serve to confuse.

The decree is affirmed.