## RADIO CORPORATION OF AMERICA v. DE FOREST RADIO CO. *

No. 4354.

Circuit Court of Appeals, Third Circuit.

Feb. 11, 1931.

William G. Mahaffy, of Wilmington, Del. (John W. Davis, Stephen H. Philbin, and Thurlow M. Gordon, all of New York City, of counsel), for appellant.

Samuel E. Darby, Jr., of New York City, E. Ennals Berl, of Wilmington, Del., and Darby & Darby, of New York City, for appellee.

Before BUFFINGTON and WOOLLEY, Circuit Judges, and THOMPSON, District Judge.

BUFFINGTON, Circuit Judge.

The De Forest Radio Company filed a bill against the Radio Corporation of America in the court below, praying that a certain contract made by the latter company with certain other companies was a violation of the Clayton Act (38 Stat. 730). On preliminary hearing that court filed an opinion printed at 24 F.(2d) 565, and granted a preliminary injunction. Thereupon the Radio Corporation appealed to this court, which, in an opinion reported at 28 F.(2d) 257, affirmed the action of the lower court and held the contract in question was a violation of the Clayton Act, one member of the court dissenting. Thereafter the case proceeded to final hearing in the lower court, which, after such hearing, filed an opinion reported in 35 F.(2d) 962, making the injunction permanent. Thereupon the present appeal was taken to this court.

As we view it, two questions are here involved: First, will this court adhere to the conclusions announced in 28 F.(2d) 257; and, second, were there any facts developed on final hearing in the court below which would lead the court to now hold that while the contract was unlawful, it had not had the working effect of creating a monopoly?

On the first question this court declines to re-examine and reverse its views as expressed in its opinion already reported at 28 F.(2d) 257. As to the second question, we are of opinion, without here discussing the proofs made, that there is nothing in them which would lead us to the conclusion that the objectionable contract has not resulted in a monopoly. The exclusive making of tube sales, obviously the purpose of the contract, was to effect a monopoly, and the fact that during some of these intervening years the independent manufacturers have in-

*Certiorari denied 51 S. Ct. 493, 75 L. Ed. —.

creased their tube sales is due, not to any freedom of action they had in the premises, but wholly to the fact that the Radio Company and its contract associates were temporarily not able to supply the demand for a new type of tube and therefore permitted the plaintiff temporarily to sell to the limit of their capacity to produce such articles. Holding as we do, the decree of the court below is affirmed.