**NEWTON et al. v. LACLEDE STEEL CO. et al.**

**LACLEDE STEEL CO. et al. v. NEWTON et al.**

Nos. 5393, 5394.

Circuit Court of Appeals, Seventh Circuit.

Dec. 17, 1935.

Henry I. Green, of Urbana, Ill., Joseph W. Lewis and Milton H. Tucker, both of St. Louis, Mo., Karl K. Hoagland, of Alton, Ill., and Oris Barth, of Urbana, Ill. (Green & Verlie, of Alton, Ill., and Lewis, Rice, Tucker, Allen & Chubb, of St. Louis, Mo., of counsel), for complainants.

George B. Gillespie, Edmund Burke, and Louis F. Gillespie, all of Springfield, Ill., and Manuel M. Wiseman, of Alton, Ill., for defendants.

Before EVANS and SPARKS, Circuit Judges.*

EVANS, Circuit Judge.

The Laclede Companies brought suit against sixty-two defendants to enjoin interference, by alleged violence and unlawful picketing, with the operation of their plants and business at Alton, Illinois. After hearing the evidence the court entered an injunctional order restraining the defendants, who, for the most part, were not the companies' ·striking employees, from "congregating at or near the plants and property * * *. Preventing, or attempting to prevent, by threat or intimidation any person engaging or remaining in the employment of * * * (Laclede) * * *; singly or in combination or conspiracy with each other, * * * preventing or attempting to prevent by threat, force or intimidation, or by the use of profane, insulting or abusive language, any person being employed by the complainants or engaging and .remaining in the employment of the complainants. * * *"

Subsequently this injunctional order was modified in substantial respects, by striking out the restraint of defendants from interfering by threats of force or intimidation, or by use of profane or abusive language, etc., and adding other paragraphs. The original order and modification appear in the margin.†

---

* Circuit Judge FITZHENRY heard the argument, but died before the disposition of this case.

† Original order is in Roman type and includes material in parenthesis. The modifications appear in italics.

"It Is Now Therefore Hereby Duly Ordered, Adjudged and Decreed by the Court that the defendants in said cause,

viz: * * * and all persons to whom knowledge of this decree or any writ issued pursuant hereto, shall come, be and each and all of them are hereby perpetually commanded, enjoined and restrained from:

· "(a) Congregating at or near the plants and property of Laclede Steel Company and Laclede Tube Company located im-

Defendants appealed from the original injunctional order, and Laclede Companies appealed from the modified injunctional order. Laclede Companies move to dismiss appeal No. 5393 on the ground that the order appealed from no longer exists inasmuch as it was subsequently modified. This motion must be overruled for the reason that the order appealed from was not vacated but merely modified. It was still ob-

mediately east of and adjacent to the corporate limits of the City of Alton, Illinois, for the purposes hereinafter set forth in paragraphs b, c, d, e, f, g, and h;

"(b) Preventing, or attempting to prevent, (by threat or intimidation) *by violence or threat of violence*, any person engaging or remaining in the employment of the complainants;

"(c) Singly or in combination or conspiracy with each other, or with others, preventing or attempting to prevent (by threat, force or intimidation, or by the use of profane, insulting or abusive language,) *by force or violence or threats of violence* any person being employed by the complainants (or engaging and remaining in the employment of the complainants) or performing any business, labor or duties as employee of the complainants;

"(d) (Remonstrating with, threatening, intimidating) *By violence or threat of violence*, coercing or attempting to coerce any person in the employ of the complainants, or about to enter or remain in the employ of the complainants;

"(e) In any manner interrupting, obstructing or interfering (by force or intimidation) *by violence or threat of violence* with the movement or passage of any person toward, to, upon or from said plants and property of the complainants;

"(f) (In any manner molesting, annoying or threatening) *By violence or threat of violence, molesting or threatening* any of the members of the families of any of complainants' employees, or (engaging in any act or conduct calculated to intimidate, annoy, disturb or injure) *by violence or threat of violence, injuring or coercing* any employee of the complainants, or the home or residence of members of the family of any such employee;

"(g) Congregating in any group or groups (either) in the vicinity of the location of the complainants' plants and property, (or any other place in the County of Madison in the State of Illinois, either) for the purpose (of intimidating or threatening any employee of the complainants, or elsewhere from doing or committing any act intended or calculated to interfere with the rights of complainants' employees to pursue their lawful business, occupation and vocation peaceably and without annoyance or intimidation from any of said defendants;) *and with the intention of committing any*

*act of violence or threat of violence upon any employee of the complainants;*

"(h) Firing any shot or hurling any missile at, toward, against or upon the plants and property of the complainants, or (in any manner injuring or) *by force or violence* damaging said plants and property, or interfering (in any manner) *by force or violence* with the complainants' business (and the peaceable, undisturbed) *or customers and their* use and enjoyment by the complainants of their said plants and property, (and the orderly prosecution of their business, and from doing any act or thing calculated or intended to interfere with, threaten, intimidate, annoy, disturb or affect any of the customers dealing with the complainants in the conduct of their said business.)

"(i) *(Added in its entirety.)* Nothing herein contained shall be construed to prevent: (1) Ceasing or refusing to perform any work or to remain in any relation of employment; (2) Becoming or remaining a member of any labor organization or of any employer organization, regardless of any such undertaking or promise as is described in section 103 * * * (Act March 23, 1932, c. 90, § 3, 47 Stat. 70 [29 U.S.C.A. § 103]); (3) Paying or giving to, or withholding from any person participating or interested in such labor dispute, any strike or unemployment benefits or insurance, or other moneys or things of value; (4) By all lawful means aiding any person participating or interested in any labor dispute who is being proceeded against in, or in prosecuting, any action or suit in any court of the United States or of any State; (5) Giving publicity to the existence of, or the facts involved in, any labor dispute, whether by advertising, speaking, patrolling, or by any other method not involving fraud or violence; (6) Assembling peaceably to act or to organize to act in promotion of their interests in a labor dispute; (7) Advising or notifying any person of an intention to do any of the acts heretofore specified in this paragraph (i); (8) Agreeing with other persons to do or not to do any of the acts heretofore in this paragraph (i); and (9) Advising, urging, or otherwise causing or inducing without fraud or violence the acts heretofore in this paragraph (i) specified, regardless of any such undertaking or promise as is described in section 103 of this Chapter. * * * "

jectionable to the defendants who had a right to a review of the objectionable features.

The properties of the Laclede Companies extend over forty-two acres and are valued at more than $200,000. The companies manufacture steel and steel products and employ from three to six hundred men.

The record discloses many acts of violence, shooting, bombing, and disturbance to such an extent that it was necessary for Laclede to improvise sleeping and eating accommodations within the plants for their employees, who were compelled because of the terrorism to remain in the plants twenty-four hours a day for several days without returning home.

On December 18, 1933, a crowd of from two to three hundred men assembled, some armed, many not employees, and "violently assaulted and injured certain employees." This assemblage continued until January 20, 1934, when the temporary restraining order was entered.

The District Court defined the issue to be whether, under section 7(e) of the Norris-La Guardia Act (29 U.S.C.A. § 107(e), requiring as a condition precedent to the issuance of the injunction "That the *public officers* charged with the duty to protect complainant's property are unable or unwilling to furnish adequate protection," it was requisite that proof be made that the aid of state and municipal officers had been sought and proved unavailing. The District Court construed the term "public officers" to include city and county officials and not the Governor.

The District Court found, inter alia, that the Laclede have the support of the great majority of their employees, and their relations have been harmonious. Pursuant to the provisions of the Code, some three hundred of the employees had subscribed to the Employees Representation Plan; representatives were selected by the employees under their own supervision. The court found: That if the injunction were lifted the defendants have threatened to resume violence; and the mayor, chief of police, sheriff, and state's attorney expressed the belief such violence would be resumed, and that their previous inability to preserve the peace would again obtain; that these same officials are either unable or unwilling to protect Laclede property; that the employees are unrestricted in the choice of their representatives; that unless the violence is restrained substantial and irreparable injury will follow; that Laclede have not failed to comply with any obligations imposed upon them by law, and have not failed to make every reasonable effort to negotiate.

Defendants assert that the Laclede Companies are without right to seek an injunction in view of the Norris-La Guardia Act because they did not make every reasonable effort to settle the dispute, a requisite made a condition precedent by section 8 (29 U.S. C.A. § 108) to the granting of an injunction and because the complainants interfered with their employees in self-organization. No issue was made in the brief of lack of showing of the Governor's inability to protect Laclede's property.

Laclede Companies contend: (1) That section 8, requiring negotiation, is inapplicable in cases of fraud or violence; (2) that conceding section 8 to be applicable, the Laclede Companies have complied with every obligation imposed by law and that they have not failed to attempt to make every reasonable effort to negotiate, citing the companies' president's negotiations with the St. Louis Labor Board after a complaint had been filed by the Amalgamated Association of Iron, Steel and Tin Workers. The court on this issue found:

"* * * that the complainants have not failed to comply with any obligation imposed upon them by law which is involved in any labor dispute or in the matter of relations between the employer and employees connected with the complainants' plants and business, and have not failed to make every reasonable effort to settle any dispute, controversy or question arising out of or pursuant to the employment of labor by the complainants, either by negotiation or with the aid of any available governmental machinery of mediation or voluntary arbitration; * * *."

■ The injunctional order as amended conforms to the views by us expressed in the recently decided case of United Electric Coal Companies v. Rice et al., 80 F. (2d) 1, and for that reason, further discussion of the question is unnecessary. We adhere to the conclusion there expressed and in so doing must reject the argument of defendants on this appeal. We are likewise satisfied that the Laclede Companies have disclosed no reversible error in the order of modification.

■ The extent to which an injunction may go, where allowable at all, depends upon

the facts in each case, and any application made at any time to modify an existing injunctional order should be heard, and, if the facts warrant it, should be modified.

· The motion to dismiss is denied. The injunctional decree as modified is affirmed.