250

## LAUF et al. v. E. G. SHINNER & CO., Inc.
### No. 6172.

Circuit Court of Appeals, Seventh Circuit.

May 13, 1937.

Rehearing Denied June 24, 1937.

A. W. Richter, of Milwaukee, Wis., for appellants.

W. L. Gold and Ray T. McCann, both of Milwaukee, Wis., for appellee.

Before SPARKS, and MAJOR, Circuit Judges, and LINDLEY, District Judge.

SPARKS, Circuit Judge.

This appeal is taken from a decree permanently enjoining appellants from picketing appellee's places of business; from seeking in any manner to coerce appellee to discharge any of its employees who do not belong to appellant union, or to compel its employees to become members of the union and to accept it as their bargaining agent and representative; and from advertising that appellee is unfair to organized labor or molesting or persuading its customers or prospective customers to cease patronizing it.

We are here asked to review the same facts and law as were presented to us for review on appeal from a decree of temporary injunction in Lauf v. Shinner & Co., 82 F.(2d) 68. It was there shown that although no controversy existed between appellee and its employees, none of whom belonged to appellants' union, the latter sought to compel appellee to require of its employees that they join the union as a condition of their continued employment. We held on the authority of United Electric Coal Companies v. Rice (C.C.A.) 80 F.(2d) 1, that the facts there present presented no labor dispute, hence the Norris-LaGuardia Act, 29 U.S.C.A. § 101 et seq. was no bar to the right of the court to issue the temporary injunction, and under those facts there was no error in the issuance of such injunction. See, also, Scavenger Service Corp. v. Courtney (C.C.A.) 85 F.(2d) 825; Newton v. Laclede Steel Co. (C.C.A.) 80 F.(2d) 636.

Appellants state that the issues here involved are practically identical with those of the former case, and challenge the correctness of this court's decision in that case. That decision was based on our interpretation of the Norris-LaGuardia Act, and our construction of the statute has become the "law of the case," not to be changed unless it is clearly erroneous and unsound. Zurich General Accident & Liability Ins. Co. v. O'Keefe (C.C.A.) 64 F.(2d) 768; International Brotherhood v. Western Union Tel. Co. (C.C.A.) 46 F.(2d) 736; Radio Corp. v. DeForest Radio Co. (C.C.A.) 47 F.(2d) 606. We are not convinced that our holding in the former case was in error, hence cannot disturb the decree of the District Court based on that decision.

Decree affirmed.