COTT BEVERAGE CORPORATION *v.* CANADA DRY GINGER ALE, INC., ET AL.

SUPERIOR COURT        HARTFORD COUNTY        FILE No. 110292

Memorandum filed May 13, 1959

*David M. Shea,* of Hartford, for the plaintiff.

*William K. Cole,* of Hartford, for the defendants.

PHILLIPS, J. There seems little doubt that under proper circumstances a permanent injunction may be modified or dissolved, even after the term in which it was rendered. *United States* v. *Swift & Co.,* 286 U.S. 106, 114; Restatement, 4 Torts § 943, comment e; 28 Am. Jur. 835, § 323; *Milk Wagon Drivers Union* v. *Meadowmoor Dairies, Inc.,* 312 U.S. 287, 298; *Ladner* v. *Siegel,* 298 Pa. 487. The well-recognized rule that a judgment may not be opened after the term in which it has been rendered (see *Cichy* v. *Kostyk,* 143 Conn. 688) is not applicable to the dissolution or modification of a permanent injunction, where the grounds for which it was granted no longer exist by reason of changed conditions. See above authorities. The court has the power to dissolve the injunction in the present case at any time if satisfied that circumstances have so changed as to render such action just and equitable.

Furthermore, the right of the trial court to open the judgment is not abrogated by the pending appeal. *Palmer* v. *Des Reis,* 135 Conn. 388, 390; *Newton* v. *LaClide Steel Co.,* 80 F.2d 636. However, this fact might powerfully affect the disposition of the court to grant the relief requested. In the present case, if the defendant Canada Dry Bottling Company of Hartford, Inc., prevails upon the appeal, there will be no need to dissolve the injunction. Meanwhile, the effect of the injunction is stayed. Practice Book § 411. Counsel should therefore consider whether it is worth-while to pursue their motion to dissolve at this time. Something was said

in argument about saving the cost of pursuing the existing appeal. However, if, upon further hearing, the present motion were granted, an appeal would lie from the judgment of dissolution.

Assuming that the allegations of the motion to dissolve are true, it would appear that there is a basis for resolving the whole matter through negotiation between the parties.

The defendant should not have its right to a hearing on its motion cut off, if it cares to pursue it. The motion to erase defendant's motion to dissolve the permanent injunction is denied.