**SHARP & DOHME, Inc., v. STORAGE WAREHOUSE EMPLOYEES UNION, LOCAL NO. 18571, et al.**

**No. 10079.**

District Court, E. D. Pennsylvania.

Aug. 11, 1938.

Lewis Van Dusen and Henry S. Drinker, Jr., both of Philadelphia, Pa., for plaintiff.

Albert J. Bader, of Philadelphia, Pa., for Storage Warehouse Employees Union.

M. Herbert Syme, of Philadelphia, Pa., for Pennsylvania State Federation of Labor.

William A. Gray, of Philadelphia, Pa., for Int. Brotherhood of Teamsters.

DICKINSON, District Judge.

Equity Rule 70½, 28 U.S.C.A. following section 723, requires Findings of Facts and Conclusions of Law to base an injunction. Requests were accordingly asked for and are now before us. These Requests, with answers thereto, form a compliance with the Rule and a statement of the fact situation.

*Discussion.*

The Supplementary Briefs submitted have induced us to recast the opinion which would otherwise have been filed.

The Plaintiff has an undoubted grievance. It is that some of the defendants have by force, or at least show of force, stopped the operation of its Plant except as permitted by the defendants. The plaintiff has applied to this Court for the equitable relief of an injunction to restrain the defendants from interference with its business. Some, although relatively few, of those concerned are employees of the plaintiff but all are members of the Labor organization which is the real actor. This organization has demanded that the plaintiff recognize it to be the sole collective bargaining agent for all the employees and has by force stopped the operations of the plaintiff's Plant until its demand is complied with. Any one dealing with the plaintiff has the right to make any demand upon it and to refuse to deal with it otherwise than upon its own terms. A supply man, for illustration, might refuse to sell supplies to the plaintiff unless given its whole trade. He would scarcely however have the hardihood to assert the right to by force stop the business of the plain-

tiff until his demand was met. This is the right which the defendant Labor organization asserts. There can be no doubt that the law does not recognize any such right in any one whether Labor organization or not. The grievance of the plaintiff is in consequence a legal wrong to redress which it has on general principles a right. In our system of administering legal justice however one suffering the grievance of a wrong must show not merely a right but a right to the remedy invoked. Here the plaintiff has invoked the right to an injunctive relief. The question then becomes that of the judicial power of the Court to grant it. Except for the provisions of the Norris-LaGuardia Act, 29 U. S.C.A. § 101 et seq., it must be admitted that this power exists. If the Act applies the power is denied to the Court because its provisions have not been complied with. The Act, so far as concerns this case, denies the power of the Court to issue an injunction in a Labor dispute case. This reduces the question before us to that of the existence of a Labor dispute. It is vigorously asserted that there is not such dispute affecting the employer. The only dispute is asserted to be between rival claimants to the right to act as the collective bargaining agent of the plaintiff's employees, with which the plaintiff is in no way concerned, and in consequence the Norris-LaGuardia Act does not apply.

The consequences of a Labor dispute are far reaching, some of which are here present. The business to which the defendants have forcibly or by a show of force put a stop, represents an investment of $18,000,000, and has an average annual output of $10,000,000, and gives employment to upwards of 2000 persons. These figures are not given to measure the value of the legal principles at stake but as an illustration of the practical consequences. The most appealing consequence is that the livelihood of more than 2000 persons is dependent upon the outcome. Less than 100 of plaintiff's employees have engaged in this strike. The practical question is whether the law permits them by force to put an end to the operations of this Plant with all these consequences and that the sufferers have no redress other than an appeal to a resisting force. Labor disputes at the best present difficult problems. They are fraught with a public interest. The strict legal rights of the parties directly concerned must yield to the demands of the public good. The law must and has undertaken to deal with the problem. The undoubted right of employees to organize and to constitute an agent or representative to act for them with the consequent right to collective bargaining has complicated a problem already difficult. This agency has acquired a money value.

This case supplies us with an illustration. The value to the organization which has the right to act as collective agent for these 200 employees is doubtless worth from $50,000 to $100,000 per year. With this in mind there is small wonder that rival claimants appear. Their presence here is the sole cause of this strike. The defendants or one of them, claim the right to be the bargaining agent for the plaintiff employees. The law determines the right on the majority principle. The individual or organization who represents a majority possesses it. The Wagner Act, 29 U.S.C. A. § 151 et seq., provides a peaceful method of determining rival claims. The National Labor Relations Board can however function only when appealed to. The employer cannot appeal. The claimant to the agency right may but may prefer an appeal to force. Such is the case here. If the organization here in question represents a majority of the employees the employer is bound to deal with it. This the employer is willing to do. It can lawfully deal with no one else and is otherwise guilty of unfair practices. When such rival claimants appear as here the employer is placed in a very painful dilemma from which he cannot escape otherwise than through the provisions of the Wagner Act which he is powerless to invoke.

It may be said in passing that as the right of any claimant to such collective agency was based upon his representation of a majority of the employees, a Trial Court held that it might determine the fact through a Special Master conducting an election. It was later held that he was without the power to do this as the determination was for the Labor Board alone.

The trial Court further held that the Wagner Act suspended the Norris-LaGuardia Act in cases to which the Wagner Act applied. The literal terms of the Wagner Act, it is true, suspended the Norris-LaGuardia Act only in those cases in which the Court was asked to give the aid of its processes to enforce the orders of the Board. The Trial Court held that

as the Norris-LaGuardia Act was suspended by the Wagner Act to enable the orders of the Labor Board to be enforced, it was by implication suspended to enable the Board to make the orders to be enforced. It has however been since authoritatively held that the law is otherwise. This means that the Trial Court is without power to determine whether an organization which claims to represent the employees does in truth represent them, and that the Norris-LaGuardia Act is not suspended by the Wagner Act merely because there is a dispute between rival claimants to the right of representation which the Labor Board might determine if appealed to.

The plaintiff in effect rests its cause upon the ruling of the Circuit Court of Appeals for this Circuit in Food Stores Case, Union Premier Food Stores, Inc., v. Retail Food Clerks & Managers Union, 98 F.2d 821. If that case ruled this, we would gladly follow it. We are, however, constrained to hold that it does not. There the dispute of the rival claimants to the right of collective bargaining, had been taken by one of them to the Labor Board which had the exclusive power to determine it. The parties to that dispute were in consequence properly enjoined from an Appeal to the arbitrament of force. There was no Labor dispute within the meaning of the Norris-LaGuardia Act and hence that Act did not apply. Here there has been no Appeal to the Labor Board. We cannot shut our eyes to the fact that demand has been made by one of the defendants that the plaintiff sign a contract with it for the employees. This demand has not been met. The dispute thereby raised is not settled by the further truth that the claimant is not a collective agent unless it represents a majority of the employees and without this the employer is forbidden by law to recognize it nor by the further truth that the claimant may have the Labor Board pass upon its rights but that it prefers to have the Picket Line decide the dispute. A Picket Line is not "a reasonable creature in being" nor a fit arbiter of anything. We feel the force of the statement of counsel for plaintiff that the dispute between the rival claimants is the same whether taken to the Labor Board or not, but this is the very proposition which the Circuit Court of Appeals in the Food Stores Case refused to accept.

The conclusion we have reached is that the Norris-LaGuardia Act denies to this Court the judicial power to grant the injunctive relief which we would otherwise grant. This conclusion renders it unnecessary for us to pass upon the questions raised on behalf of three of the defendants.

The motion for a preliminary injunction is denied. With this goes that for an ad interim restraining order.

Answers to Requests for Findings of Fact and Conclusions of Law are herewith submitted.