DESIO BARBETTI, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 12546.   Promulgated December 10, 1947.

*J. L. McLaughlin, Esq.*, for the petitioner.
*Maurice S. Bush, Esq.*, for the respondent.

OPINION.

ARUNDELL, *Judge*: Respondent determined deficiencies in petitioner's income tax for the calendar years 1944 and 1945 in the respective amounts of $322 and $285.   Certain of the adjustments he made are not contested, and the only question for decision is whether petitioner is entitled to dependency credits (exemptions) for his stepdaughter-in-law and his stepgrandson.

The facts are not in dispute.   Petitioner resides at Lovington, Illinois, and he filed his separate income tax returns for 1944 and 1945 with the collector of internal revenue at Springfield, Illinois.   In 1934 he married Flossie Spencer, whose son, Melvin R. Spencer, thereby became his stepson.   Melvin entered the military service December 25, 1939, and on January 3, 1942, while stationed at a military post in Newfoundland, he married a native girl, Margaret Catherine Whelan.   In July 1942 Melvin applied to the local United States consul for authority to take his then pregnant wife to Lovington in order that she might live there pending his discharge.   Petitioner filed the necessary statements indicating his willingness and ability to support Margaret and her child, and the permit for her entry was granted in October 1942.   Margaret thereupon entered the United States and resided with petitioner during the taxable years.   Her child, Charles D. Spencer, was born February 19, 1943.   Petitioner contributed substantially more than one-half of the support of his stepdaughter-in-law and his stepgrandson during 1944 and 1945.

In his separate income tax returns for the two years involved peti-

tioner computed his tax under Supplement T of the Internal Revenue Code, using the tax table in section 400. He claimed four statutory exemptions, including exemptions for his stepdaughter-in-law and his stepgrandson. Respondent disallowed the two latter exemptions, pursuant to the provisions of section 29.25–3 (b) of the supplement to Regulations 111.

Section 25 (b) (3) of the Internal Revenue Code, as applicable to the years involved, is as follows:

(3) DEFINITION OF DEPENDENT.—As used in this chapter the term "dependent" means any of the following persons over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer:

(A) a son or daughter of the taxpayer, or a descendant of either,

(B) a stepson or stepdaughter of the taxpayer,

(C) a brother, a sister, stepbrother, or stepsister of the taxpayer,

(D) the father or mother of the taxpayer, or an ancestor of either,

(E) a stepfather or stepmother of the taxpayer,

(F) a son or daughter of a brother or sister of the taxpayer,

(G) a brother or sister of the father or mother of the taxpayer,

(H) a son-in-law, daughter-in-law, father-in-law, mother-in-law, brother-in-law, or sister-in-law of the taxpayer.

Obviously, petitioner's stepdaughter-in-law and stepgrandson do not come within any of the categories of dependents listed in the statute. The express inclusion of stepsons, stepdaughters, stepbrothers, stepsisters, stepfathers, stepmothers, sons-in-law, daughters-in-law, fathers-in-law, mothers-in-law, brothers-in-law, and sisters-in-law leads unmistakably to the conclusion that Congress did not consider other affinitive relationships as being sufficiently within the family orbit to warrant a dependency allowance. In any event the choice of dependents was for Congress to make, and with its policy in making that choice we may not concern ourselves. The statute is quite specific, and we are not at liberty to enlarge its scope by construction.

It is unfortunate that petitioner did not file timely joint returns, because section 29.25–3 (b) of the supplement to Regulations 111 provides that:

* * * In the case of a joint return it is not necessary that the prescribed relationship exist between the person claimed as a dependent and the spouse who furnishes the support; it is sufficient if the prescribed relationship exists with respect to either spouse.

There is no evidence that he attempted to file amended joint returns. It is now too late, and we have no authority to allow him to substitute joint returns for his separate returns. It is settled that joint returns may not be superseded by separate returns filed after the due date. *Rose* v. *Grant*, 39 Fed. (2d) 340; *Champlin* v. *Commissioner*, 78 Fed. (2d) 905; *John D. Biggers*, 39 B. T. A. 480. The election is equally binding when separate rather than joint returns are filed.

For the reasons stated, we hold that petitioner is not entitled to the claimed exemptions for his stepson's wife and child.

*Decision will be entered for the respondent.*