RUSSELL SANNERS MCCANN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 16972, 16973. Promulgated February 28, 1949.

*T. J. Griffin, Esq.*, for the petitioner.
*Edward L. Potter, Esq.*, for the respondent.

OPINION.

MURDOCK, *Judge*: The credit for a dependent was allowed prior to 1944 for each person under 18 years of age dependent upon and receiving his chief support from the taxpayer. That was changed for the years 1944 and 1945. Section 25 (b) (1) (C), as applicable to the years 1944 and 1945, allowed a surtax exemption of $500 for an un-

married dependent whose gross income was less than $500. Dependent was defined in section 25 (b) (3) to include a daughter of a sister of a taxpayer, over half of whose support was received from the taxpayer. The petitioner in the present case had been receiving credits for Carolyn as a dependent on his separate returns filed for years prior to 1944. If he had filed joint returns for 1944 and 1945 he could still have obtained the credit because section 29.25–3 (b) of Regulations 111 provided that where a joint return was filed it was sufficient, for the purpose of an exemption based upon a dependent, that the prescribed relationship existed with respect to either spouse, regardless of which spouse furnished the support. The petitioner could just as well have filed joint returns for 1944 and 1945, but he did not do so.

Section 51 (b) permitted a husband and wife to make a "single return jointly" even though one spouse had no income or deductions, but it made the tax liability on such a return joint and several. Section 29.51–1 (b) of Regulations 111 provides that a joint return must be signed by both spouses or by one spouse individually and also as agent for the other, in which case authorization for the agency must accompany the return. Similar regulations had been in effect since 1934. The evidence shows and it has been found as a fact that the return filed by this petitioner was a separate return. It was not intended to be a joint return. The evidence fails to show any intention on the part of the wife to have the petitioner file a joint return upon her behalf or that the petitioner had any authority whatsoever to file a return on behalf of his wife. The Commissioner did not err in holding that the credit can not be allowed since the return was not a joint return, and Carolyn was a daughter of a sister of the wife, but not related by blood to the petitioner.

It also provided in section 25 (b) (3) that "a legally adopted child of a person shall be considered a child of such person by blood" for the purpose of determining whether any of the relationships mentioned in defining a dependent exist. The definition of a dependent includes a daughter of the taxpayer over half of whose support was received from the taxpayer. The petitioner contends that Carolyn was "legally adopted" within the meaning of those provisions. It is interesting to note that the counsel for the petitioner, in making his opening statement, said "Admittedly, the dependent for whom this exemption was claimed was not legally adopted, but we believe we can establish to the satisfaction of the Court that the care, custody and control of this child was held by the petitioner under such circumstances as brings him within the purview of the Internal Revenue Code." That admission was not inadvertently made, since the evidence shows

that the petitioner never legally adopted Carolyn. The order set forth in the findings of fact shows that he and his wife were awarded her care and custody, "to the end that they may adopt her." The evidence fails to show that they ever took any steps to adopt her, and a fair conclusion from all of the evidence is that they never took any such steps and never legally adopted her. The statute means what it says, "legally adopted." The limitations which prevent this petitioner from obtaining this credit were placed in the law by Congress. They can not be obviated by this Court in order to aid this petitioner, no matter how simple it would have been for him to obtain the credit by having his wife join him in a return. *Desio Barbetti*, 9 T. C. 1097.

*Decision will be entered for the respondent.*