Victor F. Ford v. Commissioner.
Victor F. Ford v. Commissioner
Docket No. 21045.
United States Tax Court
1949 Tax Ct. Memo LEXIS 243; 8 T.C.M. (CCH) 238; T.C.M. (RIA) 49045; March 11, 1949
*243 Victor F. Ford, pro se. Robert C. Whitley, Esq., for the respondent. TURNER Memorandum Opinion TURNER, Judge: The respondent determined income tax deficiencies against the petitioner for the taxable years 1945, 1946 and 1947 in the respective amounts of $100, $95 and $95. The only issue raised by petitioner is the respondent's disallowance of a dependency credit. As the respondent admits the facts relating to the dependency credit, the case was submitted for decision on the pleadings. [The Facts] The petitioner resides in Chicago, Illinois, and filed his income tax returns for the taxable years involved with the Collector for the First District of Illinois. The petitioner in each return for the taxable years and in his petition claimed Laura Schultz as a dependent. Laura Schultz is fifty-nine years of age, unable to work, and the petitioner is her only means of support. She is not related by blood or marriage to the petitioner. The petitioner contends that he should be permitted "to claim exemption for her rather than have her depend on charities, etc. for support." [Opinion] Section 25 (b) (3) of the Internal Revenue Code defines *244 a "dependent" as follows: "(3) Definition of dependent. - As used in this chapter the term 'dependent' means any of the following persons over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer: "(A) a son or daughter of the taxpayer, or a descendant of either, "(B) a stepson or stepdaughter of the taxpayer, "(C) a brother, sister, stepbrother, or stepsister of the taxpayer, "(D) the father or mother of the taxpayer, or an ancestor of either, "(E) a stepfather or stepmother of the taxpayer, "(F) a son or daughter or sister of the taxpayer, "(G) a brother or sister of the father or mother of the taxpayer, "(H) a son-in-law, daughter-in-law, father-in-law, mother-in-law, brother-in-law, or sister-in-law of the taxpayer." It thus appears that Laura Schultz is not a dependent within the definition. As stated in Desio Barbetti, 9 T.C. 1097, "the choice of dependents was for Congress to make, and with its policy in making that choice we may not concern ourselves. The statute is quite specific, and we are not at liberty to enlarge its scope by construction." See also Russell Sanners McCann, 12 T.C. 239 *245 (promulgated February 28, 1949). Decision will be entered for the respondent.