James L. Doty v. Commissioner.
Doty v. Commissioner
Docket No. 35161.
United States Tax Court
1952 Tax Ct. Memo LEXIS 47; 11 T.C.M. (CCH) 1088; T.C.M. (RIA) 52317; October 31, 1952
*47 During 1948, petitioner claimed his foster parents as dependents. They were not blood relations of petitioner nor had there ever been a legal adoption. Held, foster parents are not dependents within Section 25 (b) (3) and respondent did not err in disallowing such dependency credits. James L. Doty, pro se. Melvin A. Bruck, Esq., for the respondent. RICE
Memorandum Findings of Fact and Opinion The respondent determined a deficiency in income tax for the taxable year 1948 in the amount of $113. The sole issue is whether petitioner is entitled to claim his foster mother and foster father as dependents for income tax purposes. Findings of Fact Petitioner is an individual who during the taxable year resided in Lawrence, Kansas. He and his wife filed a joint return for that year with the collector of internal revenue for the district of Kansas, at Wichita, Kansas. In December, 1925, when petitioner was about two and one-half years old he was placed in the home of Curtis and Maudie Manning. The Mannings, who were not blood relations to petitioner, raised him as if he were their own son. In 1926, petitioner's father gave the Mannings permission to legally adopt *48 petitioner, but this was never done. From the time petitioner was 16, he worked during the summers and part of the school year, contributing to his and their support. In 1943, Curtis Manning became bedridden and has been so ever since. During the taxable year petitioner, a teacher, contributed to the support of Curtis and Maudie Manning. In his income tax return for that year, he claimed Curtis and Maudie Manning as dependents. The respondent disallowed these dependency credits. Opinion RICE, Judge: Section 25 (b) (3) of the Internal Revenue Code, defining who is a dependent for purposes of a dependency credit against net income, is as follows: "SEC. 25. CREDITS OF INDIVIDUAL AGAINST NET INCOME. * * *
"(b) Credits for Both Normal Tax and Surtax. - * * *
"3. Definition of Dependent. - As used in this chapter the term "dependent" means any of the following persons over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer: "(A) a son or daughter of the taxpayer, or a descendant of either, "(B) a stepson or stepdaughter of the taxpayer, "(C) a brother, sister, stepbrother, *49 or stepsister of the taxpayer, "(D) the father or mother of the taxpayer, or an ancestor of either, "(E) a stepfather or stepmother of the taxpayer, "(F) a son or daughter of a brother or sister of the taxpayer, "(G) a brother or sister of the father or mother of the taxpayer, "(H) a son-in-law, daughter-in-law, father-in-law, mother-in-law, brother-in-law, or sister-in-law of the taxpayer. "As used in this paragraph, the terms "brother" and "sister" include a brother or sister by the half-blood. For the purposes of determining whether any of the foregoing relationships exist, a legally adopted child of a person shall be considered a child of such person by blood. * * *" Such definition has been held to be exclusive and not merely illustrative. Desio Barbetti, 9 T.C. 1097 (1947). While petitioner's case is an appealing one, this is not a court of equity; and we are bound to construe the law as it is enacted. It is for Congress, not this Court, to make exceptions or enlarge the definition of who constitutes a dependent for income tax credit purposes. The Mannings do not fall into any category appearing in section 25 (b) (3). They were not blood relations *50 to petitioner nor had there ever been any legal adoption proceedings. Under such circumstances, while we realize that this disallowance of the Mannings as dependents will add to the petitioner's economic burden, we are compelled under the statute to uphold the respondent's determination. Decision will be entered for the respondent.