Frank Herbert v. Commissioner.
Herbert v. Commissioner
Docket No. 32949.
United States Tax Court
1953 Tax Ct. Memo LEXIS 393; 12 T.C.M. (CCH) 82; T.C.M. (RIA) 53026; January 30, 1953
Frank Herbert, pro se. John E. Owens, Esq., for the respondent. TURNER Memorandum Findings of Fact and Opinion TURNER, Judge: The respondent determined a deficiency in income tax against the petitioner of $119 for the year 1948. The question is whether the petitioner is entitled to a dependency credit for the two minor children of his niece. Findings of Fact The petitioner is an individual and resides in Milwaukee, Wisconsin. His income tax return for 1948 was filed with the collector of internal revenue for Wisconsin. During the entire year 1948 the petitioner supported and maintained in his home the two minor children of his niece. Both children were under ten years of age. The niece had gone to California in 1947, *394 with the hope and intent of obtaining work. She became ill after her arrival in California, and was unable to work. She sent no money to the petitioner for the support of the children during 1948. The whereabouts of the father of the children was not known. In making his income tax return for 1948, the petitioner claimed the two children as dependents, and in computing his income tax, claimed the statutory dependency credits for them. In determining the deficiency herein, the dependency credits so claimed were disallowed by the respondent. Opinion Prior to the Individual Income Tax Act of 1944, a dependency credit was allowed to an individual who furnished the chief support of a dependent person who was under eighteen years of age. By that act, Congress amended section 25 (b) of the Internal Revenue Code by adding subsection (3), wherein it was specifically provided that the term "dependent" means: (A) a son or daughter of the taxpayer, or a descendant of either, (B) a stepson or stepdaughter of the taxpayer, (C) a brother, sister, stepbrother, or stepsister of the taxpayer, (D) the father or mother of the taxpayer, or an ancestor of either, (E) *395 a stepfather or stepmother of the taxpayer, (F) a son or daughter of a brother or sister of the taxpayer, (G) a brother or sister of the father or mother of the taxpayer, (H) a son-in-law, daughter-in-law, father-in-law, mother-in-law, brother-in-law, or sister-in-law of the taxpayer. In their reports on the bill, both the Committee on Ways and Means of the House of Representatives and the Committee on Finance of the Senate made it clear that it was the intention of Congress that if a dependency credit claim was to be allowed, the claimed dependent or dependents should have to bear one of the above relationships to the taxpayer claiming the credit. By its language, the statute, as enacted, plainly shows that such was the legislative intent. The minors in the instant case were not within the degree of relationship specified by the statute, and the petitioner's claim is accordingly denied. Tilney v. Commissioner, 182 Fed. (2d) 1009, and Desio Barbetti, 9 T.C. 1097. Decision will be entered for the respondent.