Joseph Michael Brown v. Commissioner.
Brown v. Commissioner
Docket No. 51857.
United States Tax Court
T.C. Memo 1954-216; 1954 Tax Ct. Memo LEXIS 28; 13 T.C.M. (CCH) 1115; T.C.M. (RIA) 54322; December 10, 1954, Filed *28 Held, a cousin does not qualify as a dependent within the purview of Section 25(b) of the Internal Revenue Code of 1939. Joseph Michael Brown, pro se, 101 South 37th Street, Louisville, Ky., for the petitioner. John L. Carey, Esq., for the respondent. BRUCE Memorandum Findings of Fact and Opinion BRUCE, Judge: Respondent determined *29 deficiencies in petitioner's income tax for the years 1951 and 1952 in the respective amounts of $135 and $147. The deficiencies are based upon respondent's disallowance of a dependency credit claimed under section 25(b) of the Internal Revenue Code of 1939. The parties have stipulated that the petitioner furnished over one-half of the support of the claimed dependent, the gross income of the claimed dependent was less than $600, and the claimed dependent was the taxpayer's cousin. Under section 25(b)(1)(D) a taxpayer is allowed, as a credit against net income, "An exemption of $600 for each dependent whose gross income for the calendar year in which the taxable year of the taxpayer begins is less than $600, * * *". A "dependent" is defined in section 25(b)(3) as a person who bears a certain specified relationship to the taxpayer and who received over half of his or her support from the taxpayer. Included among the relationships specified in the statute are: A son or daughter; a stepson or stepdaughter; a brother, sister, stepbrother, stepsister; the father or mother of the taxpayer, stepfather or stepmother; a son or daughter of a brother or sister; a brother or sister of the father *30 or mother of the taxpayer; a son-in-law, daughter-in-law, father-in-law, mother-in-law, brother-in-law, or sister-in-law of the taxpayer. A cousin is not the one of the relationships specified and, therefore, does not qualify. In his petition the petitioner has alleged facts which tend to enlist our sympathy. Nevertheless, as we pointed out in Desio Barbetti, 9 T.C. 1097, "* * * the choice of dependents was for Congress to make, and with its policy in making that choice we may not concern ourselves. The statute is quite specific, and we are not at liberty to enlarge its scope by construction." It appears that the taxpayer's cousin might qualify as a dependent under sections 151 and 152 of the Internal Revenue Code of 1954. However, these sections are not applicable with respect to taxable years beginning prior to January 1, 1954. Section 7851 of the Internal Revenue Code of 1954. Decision will be entered for the respondent.