### O'ROURKE v. COMMISSIONER OF INTER-NAL REVENUE.
No. 7690.

Circuit Court of Appeals, Ninth Circuit.
Jan. 27, 1936.

Harry Corvin and Judson W. Reeves, both of San Francisco, Cal., for petitioner.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key and F. E. Youngman, Sp. Assts. to the Atty. Gen., for respondent.

Before WILBUR, DENMAN, and MATHEWS, Circuit Judges.

DENMAN, Circuit Judge.

The issue here is as to whether taxpayer is bound by. his election to file a joint return, and is determined by the decision in U. S. v. Pettigrew (C.C.A.) 81 F.(2d) 666, this day decided.

On March 3, 1930, taxpayer filed an income tax return for the fiscal year ending January 31, 1930, including therein items of income which were community property of himself and wife under the laws of California (Civ.Code Cal. § 161a). In answer to the question on the return, "Is this a joint return of husband and wife?" taxpayer wrote, "Yes." He paid his tax on a computation based on the joint return. No attempt was made to reserve the right to amend and file separate returns.

The Commissioner of Internal Revenue computed the tax on the basis of taxpayer's election to make a joint return and sent taxpayer a deficiency letter asserting items of deficiency not here in contest. Taxpayer appealed to the Board of Tax Appeals, and there resisted the assessment of a deficiency on the ground that the Commissioner erroneously recomputed his tax on a joint return basis, whereas taxpayer was entitled to have it computed on the basis of a separate return, that is, on but one-half of the community income.

Before the Board of Tax Appeals and in this court taxpayer has asserted a contention similar to that urged by the taxpayer in the Pettigrew Case: That the condition of California community property law in relation to the federal income tax law was so uncertain during the time in question that taxpayer could not be held to have made a binding election. The. pertinent statute here is identical with that governing in the Pettigrew Case. For the reasons given in the opinion in that case, the order of the Board of Tax Appeals herein is affirmed.