GEORGE K. FORD, ET AL., PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 28481,[1] 28482.   Promulgated May 23, 1952.

---

[1] Consolidated with this proceeding is Helen L. Ford, Petitioner, Docket No. 28482.

*Scott Fleming, Esq.,* for the petitioners.
*R. G. Harless, Esq.,* for the respondent.

### OPINION.

HARRON, *Judge:* The petitioners, husband and wife, filed separate, individual income tax returns for 1945. All of their income for 1945 is community income, and each spouse reported his one-half thereof in his separate, individual return. The respondent has determined a deficiency for each petitioner, part of which is in dispute. The question to be decided arises under section 107 (a) of the Code[2] and is whether the respondent has computed correctly under section 107 (a) the aggregate of the taxes attributable to the parts of long term compensation "allocable" to prior years. He has determined that the aggregate of the taxes attributable to the long term compensation "allocable" to prior years is $3,525.17, for each petitioner. Each petitioner contends that the aggregate is only $2,794.09.

The petitioners argue that the respondent's computation is incorrect because he has proceeded upon the premise that the tax attributable to long term compensation "allocable" to 1943 and 1944 is the tax which would have resulted if the long term compensation had been included in the gross income of the petitioners for 1943 and 1944 in the joint returns which they filed for those years. The petitioners contend that they have the right to make the computation under section 107 (a) on the basis of the individual and separate income of each for 1943 and 1944, and that, for the purpose of the tax for 1945 on the

[2] SEC. 107. COMPENSATION FOR SERVICES RENDERED FOR A PERIOD OF THIRTY-SIX MONTHS OR MORE AND BACK PAY.

(a) PERSONAL SERVICES.—If at least 80 per centum of the total compensation for personal services covering a period of thirty-six calendar months or more (from the beginning to the completion of such services) is received or accrued in one taxable year by an individual or a partnership, the tax attributable to any part thereof which is included in the gross income of any individual shall not be greater than the aggregate of the taxes attributable to such part had it been included in the gross income of such individual ratably over that part of the period which precedes the date of such receipt or accrual.

long term compensation, they should not be required to make the computation under section 107 (a) on the basis of their aggregate income for 1943 and 1944. In other words, the petitioners contend that the binding effect of their election to file joint returns for 1943 and 1944 was limited to the reporting of their income, and the computation of taxes thereunder for 1943 and 1944, and has no bearing or effect upon the computation of tax for 1945 for which year separate returns were filed.

There is no dispute about any of the facts. All of the facts have been stipulated. We adopt the stipulation of facts as our findings of fact and incorporate the stipulation herein by this reference. The following facts are all of the facts which need to be set forth for understanding of the issue:

The petitioners, husband and wife, are residents of California. They resided there during the years 1937 through the taxable year, 1945. They filed their returns for 1945 and for prior years with the collector for the first district of California, on the cash basis. The petitioners filed a single joint return for each of the years 1938–1944, both years inclusive. Each petitioner filed a separate individual return for 1937 and for 1945. All of the income of the petitioners for each of the years 1937–1945, both inclusive, was community income, one-half of which was the income of each spouse in each of the aforesaid years.

The petitioner George K. Ford is a lawyer. In 1945 he received payment for legal services rendered to clients over a period of more than 36 months which was long term compensation within the scope of section 107 (a) of the Code in the total amount of $39,999.76. This compensation for services is community income, and one-half or $19,999.88 is the income of each petitioner.

The long term compensation received in 1945 is "allocable" to the years 1937 through 1945, under section 107 (a) as follows:

| Year | Part allocable to each year | Each taxpayer's one-half of allocable part | Year | Part allocable to each year | Each taxpayer's one-half of allocable part |
|---|---|---|---|---|---|
| 1937 | $190.28 | $95.14 | 1943 | $9,658.87 | $4,829.44 |
| 1938 | 285.43 | 142.72 | 1944 | 9,658.87 | 4,829.44 |
| 1939 | 1,834.39 | 917.20 | 1945 | 8,782.64 | 4,391.32 |
| 1940 | 2,608.93 | 1,304.47 | | | |
| 1941 | 2,608.93 | 1,304.47 | Total | $39,999.76 | |
| 1942 | 4,371.42 | 2,185.71 | | | |

The net income (or loss) per the return filed for each year 1937 through 1944, plus the "allocation" to each year of a part of the long term compensation under section 107 (a) are as follows:

| Year | Net income per return plus allocation of sec. 107 (a) compensation |
|------|------|
| 1937 | *$10, 677. 74 |
| 1938 | 1, 317. 44 |
| 1939 | 2, 926. 90 |
| 1940 | 3, 674. 51 |
| 1941 | (5, 059. 22) |
| 1942 | **2, 241. 31 |
| 1943 | **13, 921. 89 |
| 1944 | 12, 254. 26 |

*Separate returns filed for 1937.
**Adjusted for net loss carry-over from 1941.

The foregoing summarizes the facts. Before the issue can be understood, it is necessary to describe the methods of the respondent and of the petitioners, respectively, in arriving at the amount of each petitioner's tax for 1945, applying section 107 (a).

(A) The respondent, in determining the deficiency for each petitioner for 1945, adopted the following method for computing the taxes "attributable" to the long term compensation "allocable" to each year prior to 1944. He computed the tax on the income for each year as though the "allocable" part of the long term compensation received in 1945 has been received in each prior year. In so doing, he took the net income reported in a tax return for a prior year; he added to that net income the "allocable" part of the long term compensation to get an adjusted net income for the year; and he then applied the tax rates in effect for such year to the adjusted net income for the year which gave him the "correct tax liability" for that year. He then subtracted the "tax disclosed by the original return" from the "correct tax liability" to get the tax "attributable" to the "allocated" part of the long term compensation. The following schedule gives the results of the respondent's computations:

|  | 1937 | 1939 | 1940 | 1943 | 1944 |
|---|------|------|------|------|------|
| Correct tax | $611. 84 | $5. 37 | $57. 51 | $4, 025. 97 | $3, 249. 25 |
| Tax, original return | 602. 73 | 0 | 0 | 0 | 306. 00 |
| Tax attributable to "allocated" compensation | $9. 11 | $5. 37 | $57. 51 | $4, 025. 97 | $2, 943. 25 |

For the years 1938 and 1941, there was no tax due under both the original return and the adjustment under section 107 (a). Because of the forgiveness feature of the Current Tax Payment Act, the years 1942 and 1943 were considered together and the tax liability is shown for 1943 only.

Under the provisions of section 107 (a), the tax computations, although computed as if parts of the long term compensation had been

received in earlier years, are computations of the tax for the year in which the long term compensation is received, which in this proceeding is 1945. The steps to be followed in making the computations are set forth in section 29.107–1 of Regulations 111. We do not set forth those steps here because there is no disagreement between the parties about the provisions of the regulation. It is necessary to point out, only, that for each petitioner the "smaller" of the tax for 1945 applying section 107 (a) is the tax computed on each petitioner's net income for 1945, which includes the part of the long term compensation "allocable" to 1945, i. e., $4,391.32, plus the aggregate amount of the taxes "attributable" to the parts of the long term income "allocable" to each year prior to 1945. See Regulations 111, page 339, section 29.107–1.[3]

The respondent has determined that the correct tax liability of each petitioner for 1945, applying the provisions of section 107 (a) is $3,011.08, the amount of the tax on 1945 income (including part of the long term compensation) ; plus the aggregate of the taxes attributable to prior years, $3,525.17; or a total tax for 1945 of $6,536.25. The respondent obtained the figure $3,525.17 in the instance of each taxpayer by dividing in half the tax which he found to be attributable to the earlier years 1939, 1940, 1943, and 1944, for which years joint returns were filed. Each petitioner filed a single return for 1937. The following schedule illustrates the last step in the respondent's computation:

| Year | Tax attributable to prior years | | Tax of each taxpayer for 1945 |
|---|---|---|---|
| 1937 | $9.11 | *$9.11 | $9.11 |
| 1939 | 5.37 | | 2.69 |
| 1940 | 57.51 | | 28.75 |
| 1943 | 4,025.97 | | 2,012.99 |
| 1944 | 2,943.25 | | 1,471.63 |
| | | | $3,525.17 |

*For each petitioner, for 1937, separate returns filed.

(B) The method, in applying section 107 (a), used by the petitioner George K. Ford, being the same as that used by the petitioner Helen L.

[3] Regulations 111, sec. 29.107–1 (p. 339.) :

\* \* \* \* \* \* \*

The tax for the current taxable year shall be the tax for such year computed without including the compensation for personal services in gross income, plus (1) the amount of tax for such taxable year attributable to such compensation (computed in accordance with the second preceding paragraph) or (2) the sum of the taxes attributable to such compensation had it been received in equal portions in each of the calendar months included within the part of the period of service which precedes the date such compensation is received or accrued (computed in accordance with the preceding paragraph), whichever is the smaller.

\* \* \* \* \* \* \*

Ford, is described at this point, and George K. Ford is now referred to as the petitioner. The necessary explanation is shortened by taking the year 1944 as an example. As has been noted above, the net income per the return for 1944, which was a single joint return, was $12,254.26, after making the adjustment for the purposes of section 107 (a) of adding part of the long term compensation "allocable" to 1944, $9,658.87, to the net income, $2,595.39, which was reported on the joint return. The petitioner started with the adjusted net income for 1944 in the amount of $12,254.26; he divided that in half, obtaining the figure $6,127.13 as what he alleges his individual net income for 1944 would have been on the basis of reporting his separate income in a separate individual return for 1944. (It is questionable whether $6,127.13 in fact was his individual net income for 1944.) He then applied the 1944 tax rates to his hypothetical net income for 1944, and found a tax of $1,286.86. The tax reported and paid for 1944, under the joint return, was $306. The petitioner divided that tax by 2 (one-half to himself), $153; subtracted that from the tax "attributable to 1944" under his method, $1,286.86, and arrived at his tax for 1944 "attributable" to compensation allocated to 1944, or $1,133.86. The following sets forth in schedule form what has been stated above:

| | George K. Ford | Helen L. Ford |
| --- | --- | --- |
| Hypothetical 1944 income divided on separate return basis | *$6,127.13 | *$6,127.13 |
| Hypothetical 1944 tax on separate return basis | 1,286.86 | 1,286.86 |
| Less tax paid, $306, one-half to each | 153.00 | 153.00 |
| Tax "attributable" to 1944 part of long term income | $1,133.86 | $1,133.86 |

*Equal division of reconstructed net income, $12,254.26, for 1944, under sec. 107 (a).

The foregoing constitutes the necessary description of the respective methods and computations of the respondent and of the petitioners in applying section 107 (a). One additional bit of descriptive detail and of explanation of the dispute is necessary. The petitioners agree with respondent that the tax "attributable" to the 1937 part of the section 107 (a) income is $9.11 for each. In principle, they dispute respondent's computation for each year thereafter, except 1945, but the amounts of the taxes "attributable" to 1939 and 1940 are so small that the issue as to those two years has, in effect, been waived, and only the respondent's computations for 1943 and 1944 are challenged. Accordingly the respective computations of the respondent and of the petitioners of the taxes "attributable" to the parts of the long term compensation "allocated" to the earlier years, the tax for 1945, without such taxes, and the total tax of each petitioner for 1945, applying section 107 (a) are as follows:

| | Respondent's computation for each petitioner | Petitioner's computation for each petitioner |
|---|---|---|
| Tax for 1945 without the sec. 107 (a) additions | $3,011.08 | $3,011.08 |
| Tax attributable to prior years | a 3,525.17 | b 2,794.09 |

| Year | a Respondent's tax for each prior year | b Petitioner's tax for each prior year |
|---|---|---|
| 1937 | $9.11 | $9.11 |
| 1939 | 2.69 | 2.69 |
| 1940 | 28.75 | 28.75 |
| 1943 | 2,012.99 | 1,619.68 |
| 1944 | 1,471.63 | 1,133.86 |
| Total | $3,525.17 | $2,794.09 |

DISCUSSION OF THE ISSUE.

It is to be observed that although the petitioner's entire argument is that in applying section 107 (a) in making the computation of the total tax for 1945, for which year each petitioner filed a separate individual return, each taxpayer is entitled to disregard the fact that for the earlier years (except 1937) a joint return was filed, under which the husband and wife elected to have their respective incomes combined and taxed as a "taxable unit," and that each taxpayer is entitled to take his separate income for each prior year in the same way as if separate returns had been filed for each prior year, and compute the section 107 (a) tax "attributable" to each prior year on that basis; in fact, the petitioners have not done so. For example, we do not know what the separate individual deductions of George Ford were for 1943 and 1944, which must be known in order to get his individual net income. We may assume that his gross income for 1944 was the same as his wife's, because it has been stipulated that all of their income for 1944 was community income. Under section 161 (a) of the Civil Code of California the earnings of spouses after 1927 are community income; and the rule is, for Federal income tax purposes, that one-half of the community income is the income of each spouse. *United States* v. *Malcolm*, 282 U. S. 792; *United States* v. *Pettigrew*, 81 F. 2d 666; *O'Rourke* v. *Commissioner*, 81 F. 2d 668; *Leslie A. Sutor*, 17 T. C. 64, 67, 68. But, each spouse, if he elects to file a separate return, may take only the deductions which, under the Code, may properly be taken from his individual income. We cannot assume in this proceeding that Helen Ford had the identically same allowable deductions in 1943 and 1944 as George Ford. The petitioners did not get the alleged tax attributable to 1944, $1,133.86, by applying their own theory. Instead, they have followed a hybrid method under which they took the net income for

1944, resulting from offsetting combined deductions against combined income, computed on the basis of a joint return, which they then arbitrarily divided in half in order to apply the tax rates which would be applied on the basis of a single return.

Since the petitioners have not in fact applied the theory which they contend is proper, under section 107 (a), we cannot approve their respective computations of the taxes "attributable" to the earlier years. It follows that the respondent's computations and the resultant determinations of deficiencies must be sustained.

But more must be said about the issue presented. It is perfectly true that in applying section 107 (a) prior tax years are not opened, and the tax for prior years is not revised. The computations made in applying section 107 (a) constitute only the measure of the tax for the year in which the long term compensation is received, 1945 in this case. Section 107 (a), in effect, has to do with adjusting tax rates for the taxable year so as to relieve a taxpayer from having to pay a tax on "bunched" income for one year at higher surtax rates. *Federico Stallforth*, 6 T. C. 140, 158. Since, in applying section 107 (a), prior years are not being opened, the rule about the binding effect[4] with respect to the year for which the taxpayer elects to report income in either a joint or a separate return appears to be immaterial, and one that does not come into play in applying section 107 (a). Without passing upon this point, nevertheless, the petitioners have entirely overlooked another rule. See *Helvering* v. *Janney*, 311 U. S. 189, and *Taft* v. *Helvering*, 311 U. S. 195. It was held in the *Janney* and *Taft* cases that the deductions of the spouses who file a single joint return may be treated in ways which have a different result taxwise than when separate returns are filed, and from the conclusions reached in those cases, it is apparent that the petitioners have erred, under their theory, in not introducing the facts here about their separate deductions in years prior to 1945, if it is proper for each to reconstruct income and tax for earlier years on an individual basis. The Supreme Court held in the cited cases that under a joint return the combined incomes of the spouses is a taxable unit, and that it is proper to offset the combined deductions of the spouses against the combined income of the spouses.

In making the computations under section 107 (a) of the tax "attributable" to the part of long term income "allocated" to each part of the period during which services were rendered, the intendment of section 107 (a) is to arrive at the tax which, for each prior year, the

---

[4] Sec. 51 (a) and (b) of the Code; I. T. 1372, I–1 C. B. 228 (June 26, 1922); *Rose* v. *Grant*, 39 F. 2d 340; *Champlin* v. *Commissioner*, 78 F. 2d 905; *United States* v. *Pettigrew*, 81 F. 2d 666; *Binder* v. *Welch*, 107 F. 2d 812; *Lamb* v. *Smith*, 183 F. 2d 938; *Desio Barbetti*, 9 T. C. 1097; *Walter M. Ferguson, Jr.*, 14 T. C. 846; T. D. 5687, 1949–1 C. B. 9, 23, amending sec. 29.51–1 (b); X–1 C. B. 140, 141, Mim. 3859.

taxpayer would have paid if the long term compensation had been received ratably in the years in which the services were rendered. The question is: What would the taxpayer's tax have been in an earlier year (1944 for example) if the taxpayer had received in the earlier year the part of the compensation for which services in that year were rendered? One answer obviously is that the tax would have been the tax computed for the earlier year upon the gross income adjusted for the additional compensation, less all the deductions allowable for that year. In considering the theory of the petitioners, if the "taxable unit" for the earlier year was the income less the deductions of one spouse, there appears to be no problem. But if the "taxable unit" for the earlier year was the combined income less the combined deductions of spouses, several problems arise if the taxpayer wishes to proceed as these petitioners contend they may do, i. e., reconstruct the net taxable income of a prior year on the individual basis. One problem is that of the administrative burden upon the respondent, under such procedure, to reconstruct not only the separate income but all of the separate deductions for the earlier year, where the taxpayer had elected to file a single joint return for the earlier year. Another problem can be seen to arise from the taxpayer's side, the reverse of what the petitioners have attacked here. If such complete reconstruction of the separate income and of the separate deductions of one spouse for an earlier year were to be undertaken, in applying section 107 (a), it would work out, in some cases, that the tax "attributable" to the section 107 (a) income "allocated" to an earlier year would be higher for one spouse than for the other (which might be true in this case if the petitioners had followed through under their theory and truly reconstructed the net taxable income of each spouse for 1943 and 1944 on an individual basis), and some taxpayer might validly object to a procedure which wholly disregards the method of reporting a tax actually adopted, the joint return, for the earlier year, in applying section 107 (a).

In this proceeding, we do not have enough facts before us to know whether petitioners' theory is sound or not. Therefore, we should not pass upon it. But the *rationale* of the *Janney* and *Taft* cases presents, at least, a strong indication that the petitioners' theory should not be approved because it involves administrative inconvenience and burden, so that the same *reason* for the rule about the binding effect of an election to file a joint or a separate return, *Rose* v. *Grant, supra,* appears to be present here.

The issue presented involves construction of the provisions of section 107 (a). The petitioners have not given sufficient attention to the language of the section. We think that the provision in section 107 (a) reading

*the tax* attributable to any part thereof which is included in the gross income of any individual *shall not be greater* than the aggregate of the *taxes* attributable to such part had it been included in the gross income of such individual ratably [emphasis added] \* \* \*

means the *tax* which would have been due for the prior year upon the "unit" of net taxable income reported for that year, if the "allocated" part of the long term compensation had been received or accrued in that year. This construction of section 107 (a) places the emphasis on the *tax* for the earlier year, recomputed (only for the purpose of measuring the tax for the year of receipt of the compensation) to take into account additional income. Section 107 (a) contemplates the making of a comparison, but when a comparison is made, the factors, or units, to be compared must be alike in nature, if the comparison is to be true. And so, under section 107 (a), as we understand its terms, a comparison is made of the *tax* which the taxpayer reported and paid for an earlier year with a *tax* which is computed on the same net taxable income for the earlier year to which has been added part of long term compensation, theoretically "allocated" to the earlier year. (In this proceeding the respondent has so understood section 107 (a).) Each *tax*, so found, is truly comparable, and the difference between the two *taxes* is then taken to be the tax "attributable" to a part of the long term compensation. (We do not intend here to complicate the point by alluding to other possible adjustments.) If the above understanding of section 107 (a) is correct, as we believe it is, the theory of the petitioners is wrong.

The respondent's interpretation of section 107 (a) in this proceeding stands approved.

Reviewed by the Court.

*Decision will be entered for the respondent.*

Van Fossan, *J.*, concurs in the result.