### HOFFERBERT v. MARSHALL et ux.

No. 6516.

United States Court of Appeals Fourth Circuit.

Argued Nov. 21, 1952.

Decided Dec. 16, 1952.

Robert B. Ross, Sp. Asst. to Atty. Gen. (Charles S. Lyon, Asst. Atty. Gen., Ellis N. Slack and A. F. Prescott, Sp. Assts. to Atty. Gen. and Bernard J. Flynn, U. S. Atty., Baltimore, Md., on brief), for appellant.

George Cochran Doub, Baltimore, Md., for appellees.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PARKER, Chief Judge.

This is an appeal by a Collector of Internal Revenue from a judgment in favor of taxpayers in a suit brought to recover income taxes paid by them in response to a deficiency assessment. Taxpayers are husband and wife, who filed a single return jointly under the provisions of section 51 (b) of the Revenue Act of 1948. The controversy arises with respect to the treatment to be accorded an item of income amounting to $134,890.43 collected by the husband, an attorney at law, in the year 1948, but representing more than 80% of the payment of services performed by him for one client between March 1938 and March 1945. In their return taxpayers split this item of income in accordance with the provisions of 26 U.S.C. §§ 51(b) and 12(d) and computed the tax in accordance with the formula of 26 U.S.C. § 107(a). The examining officer of the Bureau of Internal Revenue disallowed the return in so far as it accounted for one-half of this item as income of the wife and held that the entire item should be accounted for as income of the husband alone. Computing the tax on this basis and applying the formula of 26 U.S.C. § 107(a) to it, the Commissioner assessed against taxpayers a deficiency of $8,129.09. They paid this amount to the Collector, and, upon the denial of a petition for refund, instituted this action for its recovery. The trial court sustained the position of taxpayers and the Collector has appealed. Only one question is presented for our consideration, viz.: do the provisions of the act of 1948 permitting the splitting of income in a return by husband and wife apply to an item of long term income earned prior to that year and subject to the computation formula prescribed by 26 U.S.C. § 107(a)? We think it perfectly clear that this question should be answered in the affirmative.

It should be noted in the beginning that there is no question as to the application of 26 U.S.C. § 107(a) to the item of income in question, which represents more than 80% of the compensation for services rendered between 1938 and 1945. That section provides:

"(a) Personal services. If at least 80 per centum of the total compensation for personal services covering a period of thirty-six calendar months or more (from the beginning to the completion of such services) is received or accrued in one taxable year by an individual or a partnership, the tax attributable to any part thereof which is included in the gross income of any individual shall not be greater than the aggregate of the taxes attributable to such part had it been included in the gross income of such individual

ratably over that part of the period which precedes the date of such receipt or accrual."

And nothing in the section requires that the application thereof be limited to computing the tax of the one who rendered the services for which the compensation has been paid. Under the terms of the section as originally enacted its application was so limited. Ralph G. Lindstrom, 3 T. C. 686, affirmed Lindstrom v. Commissioner, 9 Cir., 149 F.2d 344. The section was amended to its present form, however, by section 139(a) of the Revenue Act of 1942; and the purpose of the amendment was thus explained in Senate Report No. 1631, 77th Congress, 2d Session, page 109, where it was said:

"In order for section 107(a) to be applicable it is not necessary that the individual who includes in his gross income compensation for such personal services be the person who rendered such services. For example, a partner who shares in compensation for such personal services rendered by the partnership may be entitled to the benefits of section 107(a), notwithstanding that he took no part in the rendering of such services. *Likewise, in community property states, the spouse of a person who renders such personal services may be entitled to the benefits of section 107(a)*". (Italics supplied.)

■ That the section as amended in 1942 is applicable to income not earned by the taxpayer does not admit of question. See Elder W. Marshall, 14 T.C. 90, affirmed Commissioner of Internal Revenue v. Marshall, 3 Cir., 185 F.2d 674; Federico Stallforth, 6 T.C. 140, 158. It is perfectly clear, therefore, that the formula prescribed by the section 107(a) applies to the item of income here which, while received in 1948, was more than 80% of the compensation for legal services rendered over a prior five year period, and it is equally clear that the fact that the wife did not participate in the earning of the income is no reason why it should not apply to the portion of the item taxable as income for the wife, if a portion of it is so taxable. The only question, then is whether the item of income was properly split between husband and wife in making their return of the year 1948. We think that such splitting was clearly permitted by section 26 U.S.C. § 12 (d) which provides:

"Tax in case of joint return. In the case of a joint return of husband and wife under section 51(b), the combined normal tax and surtax under section 11 and subsection (b) of this section shall be twice the combined normal tax and surtax that would be determined *if the net income and the applicable credits against net income provided by section 25 were reduced by one-half.*" (Italics supplied.)

This provision allowing splitting of income between husband and wife was introduced into the revenue laws by Revenue Act of April 2, 1948, sec. 301, 62 Stat. 114. It was thus explained in Senate Report No. 1013 which accompanied the bill that became law (U. S. Congressional Service 80th Congress, vol. 2, p. 1214):

"This section amends section 12 of the code relating to surtax on individuals, by adding a new subsection (d) which provides for computation of tax under the plan for the so-called income splitting between husband and wife. This subsection applies only if a joint return for the taxable year involved is made as provided under section 51(b) of the code as amended by the bill. Under the provisions of section 12(d), the combined normal tax and surtax under section 11 and section 12(b) of the code in the case of the husband and wife making the joint return shall be twice the combined normal tax and surtax that would be determined if the net income and the applicable credits provided by section 25 of the code were reduced by one-half."

■ The purpose of this change in the law was to equalize the tax burden on married couples in community property and common law states and to give in common law states the advantages of splitting income which the community property states had enjoyed and which was leading to wide-

spread attempts to change the laws of the common law states. The effect of the change was also to permit splitting of individual income in community property states. The Senate report accompanying the bill said (U. S. Congressional Service 80th Congress, 2d Session, vol. 2, pp. 1184 to 1187):

"Under existing law the treatment accorded families earning the same amount of income is very different if they happen to live in States using the community-property system or in States which use common law. Chiefly this is due to the fact that under the community-property system the earnings of a married couple are considered to be one-half the property of each. Income arising out of an accumulation which took place during the marriage is divided in the same manner, and in some community-property States the same division is made of income from assets which are the separate property of one of the spouses. No similar division takes place under common law. The earnings of the husband are his own and taxed to him. The income from his property is his income and is taxed as such.

"Since the rates applied under the income tax are steeply progressive, the same family income divided in two halves by community property law will be taxed far less severely than in a common-law State where the whole income is apt to be taxed to one spouse.

\* \* \*

"The geographical differences in the impact of the individual income tax resulting from the fact that 12 States use community property raises a serious problem, but the fact which makes action at the present session imperative is the potential rapid extension of community property to a large number of other common-law States. The adoption of community property has been advocated widely in spite of a growing awareness of the substantial differences between community property and common law which make a transition from one system to the other extreme-

ly difficult. It is now recognized that this transition will be a period of extreme confusion during which the courts, the administrative officials and the legislatures will be working out the detailed application of a new and strange system of property law. Nevertheless, many responsible State officials have reached the conclusion that the difference between the impact of the federal income tax as it applies in community-property and common-law jurisdictions is so great that the use of community-property cannot be avoided.

\* \* \* \* \* \*

"Your committee believes that the best answer to the problem of geographical equalization is the splitting of the combined income of the husband and wife. Income splitting is effected under H.R. 4790, as amended, by giving husbands and wives in all States the option to file joint returns. In these returns their combined net income and their combined exemptions are divided by 2. A tax is computed on this basis, and multiplied by 2.

"Income splitting will produce the same result in common-law States which now obtains in a community-property State when the entire income of both spouses is community income. If, however, spouses in community-property States have separate income, they may split their income by electing to file a joint return. Under existing law, separate income in community-property States is taxed in full to the spouse who receives it. Thus, the type of solution embodied in H.R. 4790 as amended, benefits residents of both common-law and community-property States."

It is objected that the effect of applying the split of income allowed by the statute along with the provisions of section 107(a) is to arrive at a tax less than that which would have been paid if the income had been received in the years in which it was earned and tax paid on it at that time, when no splitting of income was allowed by law. This is true; but the answer is that

the income was received when splitting was permitted, and section 107(a) must be applied to it as split. That section does not. require that the income be taxed in the year when earned but merely provides a formula for determining the tax on long term compensation in the year when it is received and taxable. Treasury Regulation 111, sec. 29.107–1; Elder W. Marshall, 14 T.C. 90, affirmed Commissioner of Internal Revenue v. Marshall, 3 Cir., 185 F. 2d 674; Federico Stallforth, 6 T.C. 140, 158. Under the authority of the act of 1948, the joint return is applicable to all income received by the taxpayers in that year. One-half of that income, including the long term compensation, is attributable under the statute to each spouse and the wife has just as much right to the benefits of section 107(a) as the husband. The contention of the government would nullify the effect of the act of 1948 with respect to income representing long term compensation; and we find nothing in the language, in the history or in the reason and spirit of the act which would justify such a result.

█ Counsel for the government contend that, because taxpayers filed joint returns for the years 1943, 1944 and 1945, their method of computing the tax was improper, even if they are entitled to the benefit of the statute relied on. No such point was made in the court below and it is too late to make it for the first time on appeal. 3 Am.Jur. p. 25; Hormel v. Helvering, 312 U.S. 552, 556, 61 S.Ct. 719, 85 L.Ed. 1037; Minnich v. Gardner, 292 U.S. 48, 53, 54 S.Ct. 567, 78 L.Ed. 1116; Burnet v. Commonwealth Imp. Co., 287 U.S. 415, 418, 53 S.Ct. 198, 77 L.Ed. 399; A/S J. Ludwig Mowinckels Rederi v. Accinanto Ltd., 4 Cir., 199 F.2d 134, 145; Rhodes v. Com'r, 4 Cir., 111 F.2d 53. This court is certainly in no position to exercise the reviewing function with respect to matters of accounting which have not been called to the attention of the trial court and as to which there is a sharp dispute of fact on the part of counsel. If the matter were one of vital importance we would remand the case so that the court below might pass upon it, but it does not appear to be of sufficient consequence to justify such action and, so far as we are able to judge from the record before us, the point is without merit.

For the reasons stated, the judgment appealed from will be affirmed.

Affirmed.