**Theodore KOPPELMAN, Petitioner, v. COM-
MISSIONER OF INTERNAL REVE-
NUE, Respondent.**

**No. 10733.**

United States Court of Appeals
Third Circuit.

Reargued March 6, 1953.

Decided April 10, 1953.

Monte Appel, Washington, D. C. (Blair, Korner, Doyle & Appel, Washington, D. C., on the brief), for petitioner.

Carolyn R. Just, Washington, D. C. (Charles S. Lyon, Asst. Atty. Gen., Ellis N. Slack, Washington, D. C., on the brief), for respondent.

Before McLAUGHLIN, KALODNER and STALEY, Circuit Judges.

PER CURIAM.

Rehearing was allowed because of petitioner's contention that the Tax Court in the case of Ford v. Commissioner, 18 T.C. 387, had in effect overruled its decision in this matter.

At the reargument it was admitted, as it should have been, that the opinion of the Supreme Court in Culbertson v. Commissioner, 337 U.S. 733, 69 S.Ct. 1210, 93 L.Ed. 1659, is still the controlling law. That opinion was specifically followed by the Tax Court both in Ford and in the issue at bar. It was properly applied by the Tax Court to the facts of this appeal. Those facts are readily distinguishable from the facts in the Ford case. The conclusion of the Tax Court that the agreement purporting to establish the partnership failed to satisfy the Culbertson test has sound support in the record considered as a whole.

We confirm our former decision. 199 F. 2d 955.

KALODNER, Circuit Judge (dissenting).

In my opinion the case should be remanded to the Tax Court for rehearing in the light of its decision in Ford v. Commissioner, 18 T.C. 387 (promulgated November 29, 1952).[1]

This decision in favor of the taxpayer was concurred in by a majority of the Judges of the Tax Court; three Judges dissented. It may fairly be said to bespeak an effort on the part of the Tax Court to settle the law in family partnership cases. The Ford decision takes on additional significance in view of the fact that it was a complete reversal of an earlier decision against the taxpayer by a single Judge of the Tax Court in a "Memorandum" decision on identical facts and with respect to the same partnership.[2]

Simple justice requires that the taxpayer in the instant case be afforded an opportunity to have his case decided by the

---

1. The decision of the Tax Court in the instant case was entered December 21, 1951. Moreover, it must be noted that this decision was by a single Judge of the Tax Court in a "Memorandum". It was not, as was Ford v. Commissioner, 18 T.C. 387, a "Regular" decision "Reviewed by the Court."

2. Moore, 1946, 7 T.C. 1250.

956

Tax Court according to the principles which it stated and applied in Ford v. Commissioner, supra. I am not impressed by the distinctions which the Commissioner asserts exist between the factual situation in the instant case and that in the Ford case in the light of the Tax Court's disposition in the latter. Uniformity in the administration of the tax laws is imperative. When we say that "Justice is Blind" we mean that Justice is even-handed and equally administered to all, irrespective of any and all considerations.