AYERS J. STOCKLY AND ESTHER W. STOCKLY, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 35696. Filed April 8, 1954.

*Martin W. Meyer, Esq.*, for the petitioners.
*Charles J. Hickey, Esq.*, for the respondent.

### OPINION.

MURDOCK, *Judge:* The Commissioner determined a deficiency of $22,182.33 in the income tax of the petitioners for 1948. The questions for decision are (1) whether the entire amount received by the husband in 1948 as compensation for personal services rendered by him over a period extending from 1936 into 1945 should be treated as taxable to him in determining the taxes which would have resulted from attributing it ratably to the years when earned or whether the resulting tax is to be determined as if this income were taxable one-half to each spouse during those earlier years since they filed a joint return for 1948; and (2) if it is to be divided, whether the computation of the taxes which would have resulted from attributing it ratably to the years when earned, is to be made on the basis of separate returns for all prior years even though for some of those years the spouses filed joint returns. The facts have been presented by a stipulation which is adopted as the findings of fact.

The petitioners were husband and wife at all times material hereto. They filed a joint return for 1948 with the collector of internal revenue for the district of Delaware.

Ayers received $178,273.18 in 1948 from Pennroad Corporation as his total compensation for legal services rendered by him from June 1, 1936, to March 2, 1945.

The petitioners, on their joint return for 1948, computed the tax on the item of $178,273.18 by attributing one-half of it to each taxpayer ratably during the years in which it was earned, computing the additional tax which would have resulted for those years on the basis of separate returns, and adding the total thereof to the tax on their other income for 1948.

The Commissioner, in determining the deficiency for 1948, explained:

In the computation of tax under Section 107 for income received in 1948 and allocated and taxed to prior years under Section 107, said income may not be split between husband and wife for tax computation for years prior to 1948. Section 12 (d) of the Internal Revenue Code applies only to 1948 and later years and not to years prior to 1948, furthermore, joint returns were filed for years prior to 1948, excepting the year 1944, and such election may not be changed.

Esther filed no returns for the years 1936 through 1940. Ayers filed separate returns for those years. The two filed joint returns for the years 1941 through 1943 and separate returns for 1944. They filed a joint return for 1945.

The first question presented herein has been decided in favor of the taxpayer in *Hofferbert* v. *Marshall*, 108 F. Supp. 350, affd. 200 F. 2d 648. The Commissioner, recognizing that that case is directly in point and against him, urges this Court not to follow it. The Court has nothing to add on the subject to the opinions of Judges Coleman and Parker in that case, to which reference is made for a full and adequate discussion of the question, including the applicable provisions of the Internal Revenue Code and their legislative history and purpose.

The remaining question is whether the petitioners, in computing the taxes which would have resulted from attributing this compensation ratably to the years during which it was earned, may do so on the basis of separate returns for each of those years or are bound by the fact that for several of the years they filed joint returns. Section 107 (a) provides that the tax attributable to long-term compensation included in income for the taxable year "shall not be greater than the aggregate of the taxes attributable to such part had it been included in the gross income of such individual ratably over that part of the period which precedes the date of such receipt or accrual." This computation can be and has been properly made in this case by adding the ratable portion of the long-term compensation to the gross income of each prior year, computing the tax on that income, minus the appropriate deductions, and subtracting the actual tax liability of that year computed on the basis of the return or returns filed for that year. The theoretical tax that is being computed is a part of the tax for the year 1948 and the actual tax liabilities of the petitioners for the prior years are not being reopened, so that there is no necessity for holding the taxpayers to whatever election they made in filing their returns for those earlier years. *George K. Ford*, 18 T. C. 387, 394; *Federico Stallforth*, 6 T. C. 140, 156; Regs. 111, sec. 29.107–1. The petitioners, as additional reasons for not being required to compute these theoretical additional taxes for prior years on the basis of joint returns filed for those years, point out that Esther filed separate returns when she had sufficient income to justify it and only joined in the joint returns when

her separate income was less than one exemption; they had no way of anticipating the present situation; but undoubtedly they would have chosen to file separate returns if the additional income had been actually received in those earlier years to which it is now being attributed. They argue that section 107 (a) is a relief provision which should be interpreted to produce the least tax. The Commissioner, although he actually does not have some of the earlier returns of these petitioners in his files, contends that substantial administrative difficulties would result from ignoring the returns actually filed for the earlier years. The petitioners answer that they have the burden of proof to show a proper computation whether it is on the basis of separate or joint returns, and if they fail the Commissioner would be justified in making the computation from such information as he has available. The parties have stipulated all of the information necessary to make the computations on the basis of separate returns for each of the earlier years and the petitioners actually made a correct computation of that kind in filing their return. Cf. *George K. Ford*, *supra*, where the Court refused to pass upon the question because the record did not contain sufficient facts. The computation made by the taxpayers is not contrary to any law, regulation, or decided case.

Counsel for the Government attempted to raise this same question for the first time on appeal in the *Marshall* case, *supra*, and although the Court of Appeals refused to consider it, it said: "So far as we are able to judge from the record before us, the point is without merit." Thus, the taxpayers in that case were permitted to make the computations on the basis of separate returns for the earlier years even though in some of those years joint returns had been filed. The same result should be reached here.

Reviewed by the Court.

*Decision will be entered for the petitioners.*