**COMMISSIONER OF INTERNAL REVENUE, Petitioner,**

v.

**Ayres J. STOCKLY and Esther W. Stockly, Respondents.**

**No. 11435.**

United States Court of Appeals, Third Circuit.

Argued Jan. 18, 1955.

Decided April 18, 1955.

Kalodner, J., dissented.

George F. Lynch, Washington, D. C. (H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack, Hilbert P. Zarky, Sp. Assts. to 'the Atty. Gen., on the brief), for petitioner.

Robert H. Myers, Washington, D. C. (Martin W. Meyer, Paul F. Myers, James W. Quiggle, Washington, D. C., on the brief), for respondents.

Before McLAUGHLIN, KALODNER and HASTIE, Circuit Judges.

HASTIE, Circuit Judge.

The matter in dispute here is the computation by a husband and wife of their tax due under Section 107(a) of the 1939 Internal Revenue Code, 53 Stat. 862, 878, as amended, 56 Stat. 798, 837, 26 U.S.C.A. § 107(a), on long-term compensation earned by the husband. The Tax Court agreed with the taxpayers. 22 T.

C. 28 (1954). The Commissioner, believing that his assessment of a deficiency had been correct, has brought the decision to us for review.

In 1948 the husband received payment for legal services which he had rendered during the years 1936 to 1945. The taxpayers, husband and wife throughout the entire period involved, filed a joint income tax return for 1948 in which they computed the part of their 1948 tax allocable to this long-term compensation by first dividing this compensation into two equal parts. Each spouse then ratably allocated his half among the years during which services were performed, added each year's allocation to his other income for that year, calculated the tax which would have been payable, deductions and exemptions considered, on that aggregate,[1] and subtracted from the tax thus determined the tax previously paid for that year. The sum of these annual computations as made for the spouses separately was paid as their 1948 tax on the long-term compensation.

The Commissioner urges two objections to this method of computation: first, that the dividing of net income in a joint return of spouses as first authorized in the 1948 revision of Section 12(d), 62 Stat. 110, 114, is no authority for dividing a husband's long-term compensation between the spouses as here attempted, particularly since the services in this case were rendered before income splitting was authorized and Section 107 (a), the relief provision for long-term compensation, provides for the computation of the tax on long-term compensation as if it had been received when the services were performed; and second, that even if such income splitting is permissible here, the computation of the tax under Section 107(a) cannot be made separately by the husband and wife for each of the years 1936 to 1945 because in 1941, 1942, 1943 and 1945 the taxpayers filed joint returns, thereby binding themselves to a joint return basis of computing the tax for any future year on in-

1. The individual income, deductions and exemptions of each spouse in each year were stipulated.

come allocable in accounting procedure to those years.

In Hofferbert v. Marshall, 1952, 200 F. 2d 648, the Court of Appeals for the Fourth Circuit held that Section 12(d) made it lawful for a husband and wife in their joint return to treat the husband's 1948 income which was to be allocated as long-term compensation to earlier years under Section 107(a) as if half of it were income of each of them. Section 107(a) provides:

"(a) Personal services. If at least 80 per centum of the total compensation for personal services covering a period of thirty-six calendar months or more (from the beginning to the completion of such services) is received or accrued in one taxable year by an individual or a partnership, the tax attributable to any part thereof which is included in the gross income of any individual shall not be greater than the aggregate of the taxes attributable to such part had it been included in the gross income of such individual ratably over that part of the period which precedes the date of such receipt or accrual."

It is to be noted that this language on its face seems to contemplate and sanction the application of the relief provision even where income is taxable as if it had been earned by an individual other than the person who rendered the services which yielded long-term compensation. Indeed, the Senate Report on the Revenue Act of 1942, from which the present relief provision is derived, explicitly states that "in community property States, the spouse of a person who renders such personal services may be entitled to the benefits of Section 107 (a)". Sen.Rep.No. 1631, 77th Cong., 2d Sess. 109. Thus, even before a method of accounting analogous to income splitting between spouses was allowed nationally, spouses living in a community property state could split the husband's long-term compensation and pay

taxes on it as if each of them had earned half of it over several years.

In 1948 the present Section 12 (d) was added to the Internal Revenue Code. It provides:

"(d) Tax in case of joint return. In the case of a joint return of husband and wife under section 51(b), the combined normal tax and surtax under section 11 and subsection (b) of this section shall be twice the combined normal tax and surtax that would be determined if the net income and the applicable credits against net income provided by section 25 were reduced by one-half."

The stated purpose of this 1948 income splitting provision was to equalize the tax burden on married couples in common law and community property states, both as a matter of fairness and to relieve common law states of pressure to adopt the institution of community property. Sen.Rep.No. 1013, 1948, 80th Cong., 2d Sess. Since it already was lawful for a married couple in a community property state to split any long-term income which they allocated to prior years under Section 107(a), the purpose of Section 12(d) is effectuated by permitting the same procedure in a case such as we have before us. For elaboration of this reasoning, see the opinion of Chief Judge Parker in the Hofferbert case.[2]

The second point has been decided by the Court of Appeals for the Ninth Circuit in Ford v. Commissioner, 1954, 217 F.2d 886. It was there held that husband and wife, having split his long-term compensation, could compute their tax under Section 107(a) by separate individual computations for each of the years to which long-term compensation was apportioned, even though for some of those years they had filed joint income tax returns. The Commissioner's position here is that by the filing of joint returns in 1941, 1942, 1943 and 1945 the taxpayers made a binding election and cannot now utilize the more favorable

2. Countervailing considerations are noted in 101 U. of Pa.L.Rev., 1953, 1240.

computation based on separate computations for those years.

Section 107(a) provides that the maximum tax on the portion of the long-term compensation applicable to any prior year shall be the tax which would have been due had the apportioned share been included in the taxpayer's income for that prior year. One reasonable construction of this provision is that the taxpayer need pay no more than he would have been obligated to pay under the most favorable method of computation which would have been available to him. This may well be a different method from that which he employed in his return for the prior year. The government admits that in a technical view the return for the prior year is not reopened in this process of allocation under Section 107(a). But it complains that an undue administrative burden is created by allowing the taxpayers to depart from their earlier method in their Section 107(a) computation because the spouses' deductions for the prior year must now be reexamined and calculated separately. In addition, it is urged that the taxpayers knew when they filed joint returns in prior years that one of them was earning the additional income which now makes separate computations for Section 107(a) purposes more advantageous. However, the statute incorporates no provision against administrative inconvenience, nor does it place any burden on taxpayers to select in earlier years the type of return which involves the kind of computation they are going to prefer in making a Section 107(a) return for a subsequent year, assuming that they could have been prescient enough to foresee the future state of the law and their income.

Such are the rational arguments supporting positions which two Circuits have adopted in deciding doubtful questions of interpretation and application of a relief provision in the income tax statute. In the present litigation, the full Tax Court reviewed the decision below before its promulgation. To sustain that decision and follow the other Circuits which have considered the problems will make for desirable uniformity in the imposition of the burden of federal taxation on long-term compensation. That is an important consideration in a doubtful case like this where we cannot say that the other courts which have considered the problem have clearly misconstrued the law.

It is also noteworthy that Congress now has considered this problem and, in Section 1304(c) of the 1954 Internal Revenue Code, 26 U.S.C.A., has enacted a new rule abrogating income splitting in this situation. Thus, the change which the Commissioner desires has now been achieved in such way as to affect all taxpayers alike and at the same time. In the circumstances we think that is the better way.

The decision of the Tax Court will be affirmed.

KALODNER, Circuit Judge (dissenting).

I disagree with the majority's holding that Sections 12(d) and 51(b) of the Code, as amended by the Revenue Act of 1948, can be applied retroactively for the years 1936–1945 in computing the tax limitation on long-term compensation received in 1948.

Congress specifically made these so-called "income-splitting" provisions of the Revenue Act of 1948 applicable to taxable years beginning after December 31, 1947.[1]

The courts cannot by "judicial legislation" change the specifically stated effective date of a tax law.

I don't see, as did the majority, any doubtful question with respect to the effective date of the relief provisions of Sections 12(d) and 51(b). In my opinion Hofferbert v. Marshall, 4 Cir., 1952, 200 F.2d 648, subscribed to by the majority, was incorrectly decided and I would not follow it.

1. Section 305 Title 26, Internal Revenue Acts Beginning 1946, Cumulative Supplement, p. 34.

The fact that Congress has dealt with the situation in Section 1304(c) of the Internal Revenue Code of 1954 so as to preclude application of the rule laid down in Hofferbert v. Marshall does not relieve us of the obligation to refuse to follow it in the instant case. The inevitable import of that decision and the majority's holding is that the courts can change effective dates provided by Congressional enactments, and the precedents they afford in that respect may well rise to haunt us, and other courts, in the future.

I should also like to note that I dissent from the majority's adherence to the ruling in Ford v. Commissioner, 9 Cir., 1954, 217 F.2d 886, with respect to the second point presented by this appeal. I do so for the reasons so well stated by Judge Healy in his dissenting opinion in the Ford case.