William G. BOATRIGHT and Elithe Boatright, his wife, Plaintiffs,

v.

The UNITED STATES of America, Defendant.

No. 8978.

United States District Court
W. D. Missouri, W. D.

Aug. 30, 1955.

Harlow B. King, Joseph A. Hoskins, Kansas City, Mo., for plaintiffs.

H. Brian Holland, Asst. Atty. Gen., Andrew D. Sharpe, Carrington Williams, Attorneys, Dept. of Justice, Washington, D. C., Edward L. Scheufler, U. S. Atty., William O. Russell, Asst. U. S. Atty., Kansas City, Mo., for defendant.

RIDGE, District Judge.

So far as this United States District Court can be concerned with the issue joined in this action for refund of federal income taxes, it is a "horse that is easily curried."

■ Three United States Court of Appeals, in different Circuits, considering facts indistinguishable from those here involved, have unequivocally ruled that a lawyer-taxpayer receiving compensation for services rendered for a period of thirty-six months or more, in a taxable year when he may split such income with his wife for income tax purposes under Sections 51(b) and 12(d) of the Internal Revenue Code of 1939, 26 U.S.C.A. §§ 51(b) and 12(d), may compute the income tax due thereon in accordance with the formula set forth in Section 107(a) of said Code. 26 U.S.C.A. § 107(a). The rulings so made are not only *stare decisis* of the undisputed facts in this case but are controlling precedents that we are not at liberty to disregard or attempt to override. All we may do, regardless of our own personal views, under such circumstances is apply the law as we find it. J. J. Newberry Co. v. Retail Clerks' Union Local 655, D.C., 67 F. Supp. 86; Toolson v. New York Yankees, D.C., 101 F.Supp. 93.

The uncontested facts in this case are: Plaintiffs are husband and wife. The husband is a lawyer. He was retained as counsel for an estate in 1945 and continued to render professional services to the estate until 1949. He received a fee of $5,000 in 1946, and $57,500 in 1949, of which $1,000 was paid to an associate, leaving a net fee to him in 1949 of $56,500. This was reported as income on a joint tax return filed by plaintiffs in 1949. They also filed a joint return for 1948, but for prior years only the husband filed returns. After filing their 1949 return, plaintiffs submitted a claim for refund to get the benefits of Section 107(a), supra. In filing this claim plaintiffs split the net fee received by the husband in 1949 and pro-rated it over the period 1945 through 1949. This was accomplished by re-computing the tax due for each of those years resulting from the allocation of the fee received in 1949. From such computation, plaintiffs claim a refund due them from defendant of $1,452.86.

■ The Third, Fourth and Ninth Circuit Courts of Appeals have ruled that the 1939 Internal Revenue Code, as amended, permitting income tax on long-term compensation to be computed ratably over the period of years in which it was earned, does not require that such income be taxed in the year earned, but merely provides a formula for determining the tax liability thereon in the year when it was received; and that a husband and wife may make a joint return as to such long-term compensation for the year in which it was received and may compute their tax liability thereon in accordance with the formula set forth in Section 107(a) of the Act, even though they may not have been permitted to split such income for income tax purposes in some of the years in which it was earned. See Hofferbert v. Marshall, 4 Cir., 200 F.2d 648; Ford v. Commissioner of Internal Revenue, 9 Cir., 217 F.2d 886; Commissioner of Internal Revenue v. Stockly, 3 Cir., 221 F.2d 745. There are no controlling authorities contra.

■ Such decisions are controlling of the determination to be made by this Court of the issues presented by the undisputed facts herein and the right of refund resident in the plaintiff herein. Therefore, their motion for summary judgment to that extent is sustained.

From the brief of the defendant, and answer filed herein, we perceive a contested issue as to the accuracy of the computation plaintiffs make of their tax

liability under Section 107(a), supra. Representatives of the parties should confer as to such matter and agree upon the correct computation to be made and amount of refund, if any, due plaintiff. If they are not able to do so they should inform this Court, within 30 days, to the end that such issue may be finally determined.

Plaintiffs' motion for summary judgment as to right to refund of taxes as here claimed is by the Court sustained. The Clerk will withhold entering judgment thereon until the amount of the refund due plaintiffs is hereafter determined.

It is so ordered.